JUSTICE GRAY,
dissenting.
I concur in the Court’s opinion on all issues except issue 2, whether the District Court abused its discretion in allowing the jury to listen to a portion of one of the victim’s recorded testimony. On that issue, I agree with most of the Court’s analysis, but dissent from its conclusion that no prejudice resulted. As a result, I disagree with the Court’s resolution of issue 2.
The portion of M.H.’s testimony which was replayed for the jury was specific to acts of sexual intercourse and sexual abuse between M.H. and Henrich alleged to have occurred in January and February of 1992. The only testimony regarding those acts came from M.H. and Henrich; needless to say, those testimonies were contradictory. *274 Clearly, the jury’s determinations regarding the credibility of the witnesses and the weight to be given to the respective and opposite versions of events offered by the State and Henrich were critical factors here.
Under such a circumstance, and given the emotional nature of M.H.’s testimony replayed to the jury, I cannot agree with the Court’s conclusion that Henrich was not prejudiced. Under these circumstances, replaying that portion of M.H.’s testimony unduly emphasized the testimony of the victim over that of the accused, to the prejudice of the latter. I conclude that the District Court abused its discretion in allowing the jury to hear again the portion of M.H.’s testimony at issue here.